**Charles E. HUBBARD, Petitioner–Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellant.**

No. 88–1390.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 7, 1988.

Decided April 12, 1989.

Geoffrey J. O'Conner argued, Garden City, N.Y., for petitioner-appellee.

Gary R. Allen, Acting Chief, U.S. Dept. of Justice, Appellate Section Tax Div., Janet S. Kimball argued, William S. Rose, Jr., Jane S. Kimball, David English Carmack, U.S. Dept. of Justice, Tax Div. Appellate Section, Joseph T. Chalhoub, Washington, D.C., for respondent-appellant.

Before KRUPANSKY and WELLFORD, Circuit Judges, and JOINER *, Senior District Judge.

PER CURIAM.

During each of the years 1976, 1977, 1978, and 1979, Charles Hubbard filed federal income tax returns in which he held a partnership interest in a tax shelter. He claimed loss deductions and investment credits with respect to the shelter on each return. After the returns were filed with the Internal Revenue Service (IRS), they were audited by the District Director in Detroit, Michigan.

Section 6501(a) of the I.R.C. generally requires the IRS to assess any deficiency in tax within three years after the return for the year in question has been filed. The limitations period may be extended, however, by agreement. In connection with the audit of his 1976, 1977, 1978, and 1979 federal income tax returns, Hubbard executed Form 872–A agreements (Special Consents to Extend the Time for Assessment of Tax) for each of the returns in question. These forms, described as "open-ended" waivers, were effective to extend the statute of limitations indefinitely until revoked by either the taxpayer or the IRS. On each form, Hubbard listed his address as "950 N. Cass Lake Road, Suite 109, Pontiac, Michigan 48054." The Form 872–A agreements were limited in scope, providing for an extension of the time for assessing only those tax deficiencies resulting from adjustments to items related to partnership income and loss.

The forms covering Hubbard's 1976 and 1977 taxable years provided that any such additional taxes

> may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872–T to the taxpayer(s); or (c) the Internal Revenue Service mails a Notice of Deficiency for such period(s). However, if a notice of Deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the Notice of Deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

The forms covering Hubbard's 1978 and 1979 taxable years contained slightly revised language, and provided that any such additional taxes:

> may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872–T ... from the taxpayer(s), or (b) the Internal Revenue Service mails Form 872–T to the taxpaers(s); or (c) the Internal Revenue Service mails a Notice of Deficiency for such period(s), except that if a Notice of Deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the Notice of Deficiency will end 60 days after the period during which the making of an assessment was prohibited.

Each of the forms also stated that "[t]his agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax" and that "[t]his agreement will not reduce the period of time otherwise provided by law for making an assessment." Neither Hubbard nor the IRS executed a Form 872–T termination notice with respect to any of the waivers in question.

---

* The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation.

On November 13, 1985, the IRS mailed a notice of deficiency of a total of more than $31,000 to the taxpayer covering his 1976 through 1979 returns. By inadvertence, the IRS sent the notice to the taxpayer's Cass Lake Road address, the same address that had been listed on all of the Form 872–A agreements which Hubbard had executed. By November 1985, however, Hubbard had moved and had changed his address to "P.O. Box 809, Pontiac, Michigan 48056," the address used on his 1983, 1984, and 1985 income tax returns, and "his last known address."

The taxpayer never received the original of the November 1985 notice of deficiency. Accordingly, he failed to file a timely petition in the Tax Court contesting the deficiencies; the IRS then assessed the taxes and penalties imposed, and sought to collect them in April 1986. It was only then that Hubbard became aware that an assessment had been made and contacted the Detroit District Director's office where he spoke with Agent Clink who informed him about the issuance of the November 1985 notice of deficiency.

Clink then forwarded a copy of the deficiency notice to the taxpayer's correct post office box address, "his last known address." Hubbard received this copy several days later, and on June 26, 1986, he filed a petition with the Tax Court requesting a redetermination of these tax deficiencies. At the same time, he moved to dismiss the suit for lack of jurisdiction, claiming that the November 1985 notice had been invalid.

The Commissioner subsequently agreed that there could be no subject matter jurisdiction because the November 1985 deficiency notice was not a valid notice of deficiency under I.R.C. § 6212(b)(1), having neither been mailed to Hubbard's "last known address" nor actually received by him in time to file a timely petition to contest the deficiencies in the Tax Court.

After the case was dismissed, the Commissioner mailed a new notice of deficiency to Hubbard at his correct address, dated March 31, 1987. The taypayer then filed a timely petition with the Tax Court, contesting the deficiencies asserted in the March,

1987 notice of deficiency, and also claimed that the Tax Court's recent decision in *Roszkos v. Commissioner,* 87 T.C. 1255 (1986), was controlling, and that the statute of limitations barred assessment by IRS of the deficiencies. Specifically, Hubbard claimed that the Form 872–A agreements had terminated in May 1986 when he first became aware of the purported November 1985 deficiency notice, and that the statute of limitations expired 90 days later, prior to the issuance of the March 31, 1987 notice of deficiency now in controversy.

The Commissioner opposed this motion, taking the position that when a notice of deficiency is mailed to the wrong address and is not actually received in time to permit the taxpayer to file a timely petition with the Tax Court, it is considered to be void and to impose no obligation on the taxpayer, regardless of whether or not he subsequently becomes aware of it. The Commissioner also argues that in executing the Form 872–A agreements, the parties must be deemed to have intended that only a valid notice of deficiency would operate to terminate the agreed upon period for assessment. Because the November 1985 notice of deficiency was not valid, the Commissioner concluded that the notice which had been mailed to the taxpayer's correct address on March 31, 1987 was issued within the limitations period as extended by the Form 872–A agreements.

On November 23, 1987, the Tax Court issued a memorandum decision, *Hubbard v. Commissioner,* 54 T.C.M. (CCH) 1121 (1987), which agreed with Hubbard that the construction of the Form 872–A agreements was controlled by its decision in *Roszkos.* It therefore held that the November 1985 deficiency notice was effective to terminate the taxpayer's open-ended consents or waivers, and that the limitations period expired 90 days thereafter. Accordingly, the Tax Court held that the limitations period had run by the time the IRS mailed the second, valid notice of deficiency in March 1987. The Tax Court entered a decision granting the taxpayer's motion for summary judgment and determining that no deficiencies in his tax exist-

ed for the years 1976 through 1979. This decision is the subject of this appeal by the Commissioner.

The Tax Court's interpretation of the Form 872–A agreements presents a question of law subject to *de novo* review by this court. *See Policy v. Powell Pressed Steel Co.*, 770 F.2d 609, 612 (6th Cir.1985), *cert. denied*, 475 U.S. 1017, 106 S.Ct. 1202, 89 L.Ed.2d 315 (1986). The instant case is very similar to *Roszkos v. Commissioner*, 87 T.C. 1255 (1986), *rev'd*, 850 F.2d 514 (9th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1121, 103 L.Ed.2d 183 (1989). The Court of Appeals for the Ninth Circuit, however, rejected the conclusion of the Tax Court in 1988.

In *Roszkos*, the court discussed the case of *Mulvania v. Commissioner*, 769 F.2d 1376 (9th Cir.1985), which addressed the question of whether the notice requirement of § 6212 was satisfied when a taxpayer learned of, but did not receive, a misaddressed notice of deficiency. The *Mulvania* court held that a misaddressed notice of deficiency, which is returned to the IRS undelivered, is "null and void." The only exception was a situation in which the taxpayer acknowledges the notice by timely petitioning the Tax Court for redetermination of the deficiency, thereby rendering harmless the IRS's mailing error. *Id.* at 1379–81.

In *Roszkos*, and in the instant case, the IRS's error in sending a misaddressed notice was not harmless because the taxpayers did not timely petition the Tax Court for redetermination of the deficiency asserted in that notice. There is nothing in either record to indicate that either taxpayer discovered, within 90 days, *see* I.R.C. § 6213, that notices of deficiency had been mailed to their former addresses. In *Roszkos*, the court held this lack of knowledge nullified the original notice. The Ninth Circuit concluded that " '[R]egardless of the coincidence by which [the taxpayer] later came to know of its existence, the taxpayer's actual knowledge did not transform the void notice into a valid one.' " *Roszkos*, 850 F.2d at 517 (quoting *Mulvania*, 769 F.2d at 1380–81).

The Ninth Circuit in *Roszkos* saw no reason to conclude that the Form 872–A reference to mailing a notice of deficiency was intended to include a misaddressed, undelivered, and unacknowledged letter which would not qualify as a notice of deficiency in any other context. *Roszkos*, 850 F.2d at 517–18.

We therefore hold that a notice of deficiency must comply with § 6212 in order to terminate a Form 872–A waiver. The [taxpayers'] contention that such a holding will deny them due process of law is both unfathomable and without merit. Because the notices mailed on December 31, 1981 did not comply with § 6212, the May 24, 1982 assessment was invalid, the Form 872–A waiver did not terminate, and the statute of limitations for assessing the deficiency for the [taxpayers'] 1973 and 1974 tax years did not expire. *Id.* at 518.

We agree with the rationale of the Ninth Circuit Court of Appeals in *Roszkos*. That court considered the basic function of a notice of deficiency—"to serve as a vehicle of notification"—and concluded that one "which does not satisfy the minimum statutory requirement for notice cannot reasonably be considered a notice of deficiency." *Id.* at 517. The Form 872–A reference to mailing a notice of deficiency was intended to include only a notice that satisfies the statutory requirements and not "a misaddressed, undelivered, and unacknowledged letter which would not qualify as a notice of deficiency in any other context." *Id.* at 518.

The Ninth Circuit held that since the mailing standard for a notice of deficiency is founded on the principle of actual notice and the reference to a notice of deficiency in Form 872–A was intended to adopt this standard, "a notice of deficiency must comply with § 6212 in order to terminate a Form 872–A waiver." *Id.* We can find no principled basis for distinguishing *Roszkos* from the present case insofar as the notice of deficiency to terminate a Form 872–A consent should not depend on the fortuitous circumstance that the intended ad-

dressee may have learned of the mailing of a notice never received.

We accordingly REVERSE the decision of the Tax Court and REMAND for determination of the deficiency and interest.