DONALD R. COFFEY AND JANIS I. COFFEY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11846-87.          Filed January 28, 1991.

*Ronald M. Mankoff, G. Tomas Rhodus,* and *Ronald A. Stein,* for the petitioners.

*James E. Archie* and *Donna S. Robason,* for the respondent.

## OPINION

GERBER, *Judge:*\* This case was part of a larger group of related cases bearing the designation "First Western Government Securities." Petitioners filed a motion for summary judgment seeking a dismissal on jurisdictional grounds. There is no dispute as to the facts concerning the motion for summary judgment and the subject issue is ripe for resolution. More specifically, petitioners assert that the period for assessment of tax, as extended, had expired regarding their 1978 and 1981 taxable years at the time respondent sent the notice of deficiency which is the subject of this case.

*Factual Setting*—Petitioners filed their 1981 joint Federal income tax return on April 15, 1982. On or about March 27, 1985, petitioners and respondent executed a Special Consent to Extend the Time to Assess Tax (Form 872-A) for the 1981 taxable year. The consent (agreement) was limited to certain adjustments (restricted consent) and would terminate permitting assessment:

on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. * * *

(2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration. * * * Some assessments do not reflect a final determination and appeals consideration and therefore will not terminate the agreement before the expiration date. Examples are assessments of: (a) tax under a partial agreement; (b) tax in jeopardy; (c) tax to correct mathematical or clerical errors; (d) tax reported on amended returns; and (e) advance payments. * * *

Respondent sent petitioners a 30-day letter on May 23, 1985, reflecting proposed income tax deficiencies of $1,529 and $41,902 for the taxable years 1978 and 1981. Respon-

---

*This case was reassigned to Judge Joel Gerber by order of the Chief Judge, dated Sept. 4, 1990.

dent also proposed additions to tax under section 6653(a)[1] in the amounts of $76.45 and $2,095.10 for the years 1978 and 1981, respectively. The year 1978 becomes involved due to a carryback from 1981 to 1978. On August 29, 1985, respondent sent separate notices of deficiency for petitioners' 1978 and 1981 taxable years reflecting the same income tax deficiencies and additions to tax proposed in the 30-day letter. Neither of the notices of deficiency was addressed to petitioners' "last known address," within the meaning of section 6212.

On January 3, 1986, respondent assessed the deficiencies for 1978 and 1981 and on May 27, 1986, petitioners filed an untimely petition with this Court contending that no proper notice of deficiency had been mailed to them within the meaning of sections 6212 and 6213. Respondent then, by a motion filed September 8, 1986, moved to dismiss that case for lack of jurisdiction due to an untimely petition. Thereafter, on November 24, 1986, petitioners moved to dismiss for lack of jurisdiction due to respondent's failure to mail notices of deficiency to petitioners' last known address. A hearing was scheduled regarding both motions for December 8, 1986, and, at that time, respondent orally moved to withdraw his motion to dismiss and advised the Court that he had no objection to the granting of petitioners' motion to dismiss. A December 17, 1986, order was entered granting petitioners' motion and permitting respondent's motion to be withdrawn.

On February 23, 1987, a single notice of deficiency encompassing the 1978 and 1981 taxable years was mailed, by certified mail, to petitioners at their last known address within the meaning of section 6212. From that notice of deficiency, petitioners filed a timely petition instituting this case. Thereafter, petitioners moved for summary judgment seeking to dismiss this case for lack of jurisdiction asserting that their circumstances fall within the holding of *Roszkos v. Commissioner*, 87 T.C. 1255 (1986), vacated and remanded (revd.) 850 F.2d 514 (9th Cir. 1988), cert. denied 489 U.S. 1012 (1989), and *Knapp v. Commissioner*, T.C. Memo. 1987-178.

---

[1]Section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years under consideration.

*Legal Discussion*—The parties herein presented and argued this summary judgment motion after our opinion in *Roszkos* was published, but before the Court of Appeals for the Ninth Circuit reversed that opinion. Petitioners agree with the result reached in our *Roszkos* opinion, but do not agree with our reasoning that a Form 872-A terminates 90 days after a taxpayer learns that a misaddressed notice of deficiency has been issued. Instead, petitioners point out that the agreement with respondent terminated after the January 3, 1986, assessment was made or when petitioners received notice and demand with respect to the assessment of a deficiency previously set forth in the 30-day letter.[2]

Petitioners' conclusion concerning our reasoning in *Roszkos* is essentially the same as that offered by the Circuit Court in the opinion which vacated our order of dismissal and remanded the case for further proceedings consistent with the rationale of its opinion. In *Roszkos v. Commissioner*, 850 F.2d 514 (9th Cir. 1988), vacating and remanding (revg.) 87 T.C. 1255 (1986), the Circuit Court pointed out that our opinion rested on two central conclusions, to wit: (1) That the Commissioner (who is the drafter of the agreement) was enabled under the agreement to terminate by the act of mailing (without the need for a taxpayer's receipt) and (2) that although a misaddressed notice may be a nullity for assessment purposes, it is still a notice of deficiency for purposes of reflecting the Commissioner's intent to terminate. The Circuit Court disagreed with our second conclusion and decided that an invalid (misaddressed) notice of deficiency is of no consequence for purposes of the waiver agreement.

The Court of Appeals for the Sixth Circuit reached the same result as the Court of Appeals for the Ninth Circuit, relying upon the rationale utilized by the Ninth Circuit. *Hubbard v. Commissioner*, 872 F.2d 183 (6th Cir. 1989), revg. a Memorandum Opinion of this Court. Similarly, the Court of Appeals for the Third Circuit reached the same conclusion as the Court of Appeals for the Ninth Circuit in

---

[2]Petitioners reference the 30-day letter because the first notice of deficiency was probably not received and because it was not sent to their last known address. Here, petitioners contend that the combination of notice and demand for an amount set forth in the 30-day letter (examination report) is a clear indication that respondent is no longer proceeding under the consent.

*Roszkos,* albeit by a slightly different approach. *Holof v. Commissioner,* 872 F.2d 50, 52 (3d Cir. 1989), revg. a Memorandum Opinion of this Court. In that case the court reasoned that the terms of the Form 872-A agreement conflicted with the statutory scheme requiring the Commissioner to send a notice of deficiency prior to assessing the tax. Considering that statutory framework, it decided that the Form 872-A contemplated that "only an effective notice of deficiency can terminate the waiver agreement." *Holof v. Commissioner,* 872 F.2d at 54.

Petitioners here had their legal residence at Irving, Texas, at the time their petition was filed, so that any appeal from this case would be taken to the Court of Appeals for the Fifth Circuit. See sec. 7482(a)(1) and (b)(1)(A). In that regard, our opinion in *Roszkos* has vitality in all jurisdictions with the exception of those within the Third, Sixth, and Ninth Circuits. See *Golsen v. Commissioner,* 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). Accordingly, we must consider and decide whether we will follow the rationale of the Courts of Appeals.

Our analysis underlying our *Roszkos* opinion was heavily founded on the purpose of the consent agreement, i.e., to extend the period for assessment of the tax and to provide for the parties' termination of that extension. Respondent could terminate the agreement by mailing a notice of deficiency or Form 872-T.[3] We reasoned "that an improperly addressed notice of deficiency or Form 872-T which does not have the potential to advise a taxpayer of the intended termination by respondent, would not suffice to terminate the parties' agreement." 87 T.C. at 1261. Based upon that premise, we further reasoned that the focus of the agreement was not whether the notice of deficiency met all the requirements of the statute for notices of deficiency, but whether it had the potential or in fact did notify taxpayers of respondent's intent to terminate. We, accordingly, held that a misaddressed notice of deficiency would effectively terminate a Form 872-A agreement after actual

---

[3]Form 872-T is a document specifically designed by respondent for the purpose of terminating the consent agreement to extend the period for assessment. Form 872-A requires that respondent receive the Form 872-T from the taxpayer before the intent to terminate is considered communicated, whereas respondent is merely required to mail the Form 872-T.

notification (when a taxpayer receives actual notice of the notice of deficiency).

The Courts of Appeals did not accept our reasoning, but instead reasoned that a notice of deficiency which does not meet the requirements of the statutes was a nullity or was ineffective for purposes of the Form 872-A agreement. The resolution of this matter could reasonably be resolved by several different approaches. On the one hand, an actual notice interpretation provides more protection to the parties concerning when and if the extension of the assessment period was terminated. On the other hand, the vitality of established principles concerning notices of deficiency and the extensive case law interpretation of its procedural nuances should be protected. More importantly, we should strive, where possible, to provide one nationwide standard in these matters. With those considerations in mind, we adopt the rationale of the Courts of Appeals and we will no longer follow our opinion in *Roszkos v. Commissioner,* 87 T.C. 1255 (1986).

Having adopted the reasoning of the Circuit Courts, we must now consider petitioners' alternative (and self-preferred) arguments. Petitioners' alternative theories are that the Form 872-A agreement terminated after the assessment of the 1981 deficiency or after the notice and demand for payment of the assessed deficiency. Petitioners' alternative theories are based on the portion of the agreement which provides for termination upon "the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration." Both alternative theories are founded upon the existence of an assessment with the difference centering upon whether notice of the assessment had actually been received by the taxpayer. Initially, we note that petitioners' notice distinction makes no difference. As explained above, we no longer follow an actual notice approach. Instead, we must decide whether the attempted assessment was an "assessment" within the meaning of the parties' Form 872-A agreement.

Respondent argues that the language of the agreement refers to an assessment which can be made without first satisfying the deficiency procedures required by sections

6212 and 6213. The agreement provides for termination upon the "earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration." This language is followed by examples where the tax may be assessed without first providing deficiency procedures. Accordingly, respondent's position is that the assessment that was made after sending a misaddressed (invalid) notice of deficiency is not an assessment within the meaning of the agreement. We agree. Moreover, the reasoning underlying the Circuit Courts' refusal to follow our *Roszkos* opinion would equally apply to an erroneous assessment which was based upon an invalid notice of deficiency. We, accordingly, decide that the assessment attempted by respondent was not the type of assessment contemplated in the Form 872-A agreement, and even if it was, it was an invalid assessment or a nullity which did not meet the terms of the parties' agreement.

In view of the foregoing, petitioners' motion for summary judgment will be denied. Our decision that the agreement to extend the assessment period was not terminated provides the basis for finding that respondent's second notice of deficiency (the one mailed February 23, 1987) is timely and because the petition herein was timely, we retain jurisdiction to consider the merits of this case. Accordingly, an order will be issued denying the motion for summary judgment.

*An appropriate order will be issued.*

Reviewed by the Court.

NIMS, CHABOT, PARKER, KÖRNER, SHIELDS, HAMBLEN, COHEN, CLAPP, SWIFT, JACOBS, WRIGHT, PARR, WELLS, WHALEN, COLVIN, and HALPERN, *JJ.,* agree with this opinion.

RUWE, *J.,* did not participate in the consideration of this opinion.