ETELA CUCKER, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Etela Cucker, Inc. v. Commissioner
Docket No. 18316-89
United States Tax Court
T.C. Memo 1991-68; 1991 Tax Ct. Memo LEXIS 87; 61 T.C.M. (CCH) 1949; T.C.M. (RIA) 91068; February 25, 1991, Filed *87 An appropriate order and decision will be entered. Held: Respondent's motion for summary judgment granted and petitioner's cross-motion for summary judgement denied. A Form 872-A consent to extend the period for assessment pertaining to petitioner's taxable year 1978 was not terminated by issuance of an invalid deficiency notice or by an attempted assessment based upon the invalid deficiency notice. Coffey v. Commissioner, 96 T.C. 161, 1991 U.S. Tax Ct. LEXIS 7, 96 T.C. No. 7 (1991), controlling. Held further: Petitioner is deemed to have conceded the deficiency and the increased rate of interest under section 6621(c)(1) determined by respondent. Donald Jay Pols, for the petitioner. Lewis J. Abrahams and Janet F. Appel, for the respondent. HALPERN, Judge. HALPERN
MEMORANDUM OPINION By statutory notice dated May 2, 1989, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1978 of $ 46,289. Respondent also determined that petitioner is liable for the increased rate of interest on a substantial underpayment attributable to a tax motivated transaction. See sec. 6621(c)(1). [1] Petitioner was a partner in a partnership that engaged in certain community antennae television *88 (CATV) activities (the partnership). Respondent disallowed petitioner's claimed distributive share of losses from the partnership on the grounds that the CATV activities were not entered into for profit, that petitioner was not the owner for Federal income tax purposes of the CATV assets, and that transactions pertaining to the CATV assets were shams and devoid of economic substance. This case is before us on the parties' cross-motions for summary judgment, submitted pursuant to Rule 121. The parties agree, and we find, that no genuine issue of material fact exists. Thus, this case is appropriately decided by summary adjudication. Rule 121; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Petitioner has not assigned error to the correctness of respondent's determinations. Instead, *89 petitioner asserts that the period for assessing tax for its 1978 tax year has expired, and that no such assessment now may be made. See sec. 6501(a) and (c)(4). On that basis, petitioner asks for summary judgment. Petitioner makes three arguments in support of its motion. In each, petitioner asserts that a Form 872-A consent agreement (the consent agreement) extending the period for assessments on petitioner's taxable year 1978 terminated as a result of certain actions taken by respondent prior to institution of this case, and that respondent failed to make a valid assessment within the period for assessing tax remaining after such termination. Specifically, petitioner claims that the consent agreement was terminated either: (1) when respondent mailed an earlier, invalid, notice of deficiency; (2) when respondent attempted to assess a deficiency based upon the invalid deficiency notice; or (3) when respondent failed to issue a second, valid notice of deficiency within 90 days of being notified that the first had been sent to an incorrect address for petitioner. Respondent, on the other hand, argues that none of the events enumerated terminated the consent agreement and that *90 he is entitled to summary judgment on the termination issue. Further, respondent argues that he is also entitled to summary adjudication as to his determinations of deficiency and increased interest under section 6621(c)(1) because petitioner failed in its petition and reply to assign error to those adjustments. Other relevant facts are as follows: Petitioner, a corporation with its principal place of business in Brooklyn, New York, timely filed its Federal income tax return for 1978. That return was selected for audit, and, on January 15, 1982, petitioner and respondent executed a Form 872-A consent agreement, which provides for an indefinite extension of the period for assessing taxes for 1978. [2] On May 16, 1984, respondent mailed a notice of deficiency pertaining to petitioner's 1978 taxable year (the first notice) to an address that was not petitioner's last known address. Because it was not mailed to petitioner's last known address, the first notice was invalid. See sec. 6212(b). Petitioner did not file a petition in this Court with respect to the first notice. Respondent attempted to assess a deficiency for 1978 based upon the first notice. Petitioner filed a claim *91 for abatement and respondent abated that attempted assessment, acknowledging that the first deficiency notice was invalid. Some 4 or 5 years later, on May 2, 1989, respondent mailed to petitioner a second notice of deficiency (the second notice) pertaining to 1978. The second notice was properly addressed. On June 24, 1989, petitioner timely filed a petition with respect to the second notice, initiating the present case. Subsequently, respondent and petitioner filed the cross-motions for summary judgment currently before us. The termination provisions of the consent agreement under consideration here are identical to termination provisions contained in a Form 872-A consent agreement that, recently, we considered in a reviewed decision. Coffey v. Commissioner, 96 T.C. 161 (1991). Coffey was decided after submission *92 of the briefs in this case and, consequently, has not been addressed by the parties. In both cases, the consent agreements were standard form agreements providing that permission to extend the period for assessments terminates: on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. * * * (2) This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration. * * * Some assessments do not reflect a final determination and appeals consideration and therefore will not terminate *93 the agreement before the expiration date. * * * We need not set forth in detail petitioner's first two arguments. It is sufficient to note that those arguments assert that either the invalid deficiency notice or the abated assessment terminated the consent agreement. On facts that do not materially differ, we considered and rejected identical arguments in Coffey. Coffey is controlling. See also Hubbard v. Commissioner, 872 F.2d 183 (6th Cir. 1989); Holof v. Commissioner, 872 F.2d 50 (3d Cir. 1989); Roszkos v. Commissioner, 850 F.2d 514 (9th Cir. 1988). Petitioner's third argument is not precisely addressed in Coffey. Petitioner argues that, by requesting abatement of respondent's initial assessment, petitioner was acknowledging respondent's intent to terminate the consent agreement. Such acknowledgement, argues petitioner, gave rise to a reasonable expectation that respondent either would mail a notice of deficiency within 90 days or allow the statute of limitations to expire. Thus, concludes petitioner, since respondent did not mail a second notice of deficiency within 90 days, we should hold that the *94 statute of limitations did indeed expire. Petitioner cites no authority in support of this "expectations" theory. Such a theory contradicts the reasoning of the Courts of Appeals in Hubbard, Holof, and Roszkos, as cited above, that an invalid notice of deficiency was a nullity or was ineffective for purposes of the Form 872-A agreement. See Coffey v. Commissioner, 96 T.C. 161 at (slip op. at 8-9) (reciting and adopting the reasoning of the Courts of Appeals). Accordingly, we reject petitioner's third argument. For all of the reasons stated above, petitioner's motion for summary judgment is denied and respondent's motion for summary judgment on the termination issue is granted. We also grant respondent's motion for summary judgment with respect to the adjustments set forth in respondent's second deficiency notice. Respondent's notice of deficiency is presumed to be correct and petitioner has the burden of proving it erroneous. Rule 142(a). Further, under Rule 34(b)(4), petitioner is deemed to concede any issue not raised in its assignment of errors. Nowhere in its petition or its reply to respondent's answer did petitioner assign error to the correctness of *95 either the deficiency or the increased rate of interest under section 6621(c)(1). Petitioner restricted its assignments of error, and its arguments on brief, to the issue of termination of the consent agreement. Thus, petitioner is deemed to have conceded the correctness of respondent's determinations as set forth in the second notice of deficiency. Rule 34(b)(4). Accordingly, respondent is entitled to summary judgment with respect to the deficiency and the increased rate of interest under section 6621(c)(1). An appropriate order and decision will be entered. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The consent, however, was a restricted consent, limiting any assessment to that resulting from the effects of adjustments to any prior tax returns or adjustments pertaining to the partnership.↩