JOHN I. AND MARJEAN E. CARNAHAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carnahan v. Commissioner
Docket No. 23438-88
United States Tax Court
T.C. Memo 1991-168; 1991 Tax Ct. Memo LEXIS 187; 61 T.C.M. (CCH) 2406; T.C.M. (RIA) 91168; April 11, 1991, Filed *187 Robert B. Martin, Jr., for the petitioners. Howard S. Levy, for the respondent. SCOTT, Judge; NAMEROFF, Special Trial Judge. SCOTT OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on petitioners' Motion for Summary Judgment filed on January 9, 1991. The facts are not disputed. Petitioners' 1981 Federal income tax return was timely filed. On December 11, 1984, petitioners and respondent executed an agreement in writing on Form 872-A(C), pursuant to the provisions of section 6501(c)(4), extending the period of assessment of tax due for the taxable year 1981. The Form 872A(C) provides, *188 in relevant part, that the amounts of any Federal income tax due on any returns made by petitioners for the period ended December 31, 1981: may be assessed on or before the 90th (ninetieth) day after * * * (c) the Internal Revenue Service mails a notice of deficiency for such period(s) * * *.
On April 15, 1985, respondent mailed a notice of deficiency [2] to petitioners with respect to the taxable year 1981 (the first notice), and a petition was timely filed with respect thereto in this Court at docket No. 19395-85. On June 10, 1988, respondent mailed a notice of deficiency (the second notice) to petitioners for the taxable year 1981, which resulted in the filing of the instant petition at docket No. 23438-88. In the second notice of deficiency, respondent determined a deficiency in income tax of $ 9,297, plus additions to tax under section 6653(a)(1) in the amount of $ 465, section 6653(a)(2) in the amount *189 of 50 percent of the interest due on the underpayment, and section 6659 in the amount of $ 2,789. On October 23, 1990, docket No. 19395-85 was dismissed for lack of jurisdiction on the ground that the first notice was invalid pursuant to the authority of Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). Petitioners contend that summary judgment should be awarded in their favor on two grounds: a) That the mailing of the first notice on April 15, 1985, terminated the extension of the statute of limitations provided for in the Form 872-A(C) and that, therefore, the mailing of the second notice was barred by the statute of limitations; and b) alternatively, that the second notice was mailed to the taxpayers in violation of section 6212(c) and was therefore invalid. Therefore, petitioners contend that this Court has no jurisdiction to redetermine petitioners' tax liability for 1981. Respondent has filed a notice of objection contending that the waiver agreement cannot be terminated by methods which fail to meet statutory requirements, relying on our opinion in Coffey v. Commissioner, 96 T.C. 161 (1991). *190 Respondent further contends that the mailing of the second notice was not barred by section 6212(c) because the first notice was not a valid determination. Section 6212(a); Scar v. Commissioner, supra.We agree with respondent. The courts have had occasion to consider whether a second notice of deficiency was barred by the statute of limitations on the grounds that an agreement for the extension of the statute of limitations for assessment had been terminated by a defective first notice of deficiency. See Hubbard v. Commissioner, 872 F.2d 183 (6th Cir. 1989), revg. a Memorandum Opinion of this Court; Holof v. Commissioner, 872 F.2d 50 (3rd Cir. 1989), revg. a Memorandum Opinion of this Court; Roszkos v. Commissioner, 850 F.2d 514 (9th Cir. 1988), revg. 87 T.C. 1255 (1986); Coffey v. Commissioner, supra. In all of these cases, the notice of deficiency had not been sent to the taxpayer's last known address, which was the basis for declaring the notice of deficiency invalid. In Coffey we reconsidered our previous opinions and adopted the reasoning of *191 the Courts of Appeals. We held that a misaddressed notice of deficiency does not terminate a Form 872-A agreement, nor does an assessment based on an invalid notice of deficiency terminate a Form 872-A agreement. The first notice sent to petitioners herein was defective for another reason. It contained an explanation of adjustments which stated: In order to protect the government's interest and since your original income tax return is unavailable at this time, the income tax is being assessed at the maximum tax rate of 70%. The tax assessment will be corrected when we receive the original return or you send a copy of the return to us.
Under the holding of Scar v. Commissioner, supra, a notice of deficiency containing that language is invalid and cannot give the Court jurisdiction to reconsider the tax liability of the taxpayers. Further, petitioner contends that the instant case is different from Roszkos and its progeny because petitioners herein did in fact timely receive the first notice and timely filed their petition with this Court. We are of the opinion that a Scar notice is invalid for all purposes. If a notice of deficiency *192 is invalid for giving the Court jurisdiction to redetermine tax liability, it is invalid for the purposes set forth in section 6212. Furthermore, it is invalid for terminating a Form 872A waiver agreement, whether or not the notice of deficiency was improperly addressed. We therefore hold that the first notice did not terminate the waiver in Form 872-A(C), and thus the statute of limitations did not bar respondent in 1988 from issuing a notice of deficiency for petitioners' 1981 taxable year. Petitioner also contends that respondent could not issue the second notice while the Court had jurisdiction with regard to the first notice, citing Stamm International Corp. v. Commissioner, 84 T.C. 248 (1985), and McCue v. Commissioner, 1 T.C. 986 (1943). The logic applied above would also apply to whether the second notice was barred by section 6212(c). Section 6212(c)(1) provides that: If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary shall have no right to determine any additional *193 deficiency of income tax for the same taxable year * * *
The operative language in section 6212(c)(1) is "notice of deficiency" and implies a valid "notice of deficiency." A Scar notice of deficiency is not a notice of deficiency for purposes of section 6212(c)(1). Accordingly, a document which is not a notice of deficiency cannot activate the provisions of section 6212(c)(1), thereby prohibiting respondent from issuing a valid notice of deficiency for the same taxable year. When we dismissed the first case on the grounds of Scar, it was to confirm the fact that no valid notice of deficiency had been issued. Thus, the second notice was the only valid notice of deficiency issued by respondent to petitioners for the taxable year 1981. Petitioners' Motion for Summary Judgment will be denied. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We use this nomenclature for convenience; such use does not imply any legal validity to the document.↩