JEANNETTE PLANTIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Plantier v. Commissioner
Docket No. 28357 - 92
United States Tax Court
T.C. Memo 1993-134; 1993 Tax Ct. Memo LEXIS 149; 65 T.C.M. (CCH) 2276; April 1, 1993, Filed *149 An order denying petitioner's motion and granting respondent's motion to dismiss for lack of jurisdiction will be entered. For petitioner: Peter D. Anderson. For respondent: Kevin Curran, Richard G. Goldman, and Maureen T. O'Brien. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file a petition for redetermination within the time prescribed under section 6213(a). If we conclude that the petition was timely filed, we must then *150 address petitioner's motion to set aside sale and restrain future assessment and collection. Background
Jeannette Plantier (petitioner) filed joint Federal income tax returns with her husband, Richard Plantier, for the taxable years 1986 and 1987. These returns subsequently came under examination at which time Richard Plantier reached an agreement as to his tax liability. Petitioner claimed that she was an innocent spouse. Because respondent did not concur, no agreement could be reached as to her liability. By notice of deficiency dated October 11, 1991, respondent determined deficiencies in and additions to petitioner's Federal income tax for the years 1986 and 1987 as follows: Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653
Sec. 6653(a)(1)(B)
Sec.
(a)(1)
(a)(1)(A)
6661
1986
$ 133,915
$ 32,284
$ 11,464
[1]
$ 33,479
1987
$ 118,617
$ 6,639
$ 15,746
[1]
$ 29,654
There is no question that this notice was mailed *151 to petitioner's last known address. Upon receiving the aforementioned deficiency notice, petitioner hired an attorney, Roy A. Duddy (Duddy), to negotiate with respondent on her behalf. By letter from the District Director's Office dated August 14, 1992, and signed by Revenue Officer Kyle Albert (Revenue Officer Albert), petitioner was advised that she was not entitled to relief as an innocent spouse. This letter contains several errors. In particular, the letter states that: (1) The examination of the 1986 taxable year resulted in a refund of $ 30,371 with no balance due for the year; and (2) the examination of the 1987 taxable year resulted in no change to the tax reported on petitioner's return as filed. The letter also states: "This letter is your legal notice that your claim is fully disallowed." Finally, the letter advises that petitioner may file a suit with the Federal district court or the United States Claims Court (now known as the United States Court of Federal Claims) within 2 years of the mailing of the letter. After further contact with respondent, petitioner received a handwritten note from Revenue Agent Susan Gildersleeve (Revenue Agent Gildersleeve) dated September *152 1, 1992, confirming an appointment for September 11, 1992. Revenue Agent Gildersleeve requested that petitioner familiarize herself with section 6013(e) and bring any additional information she might have to support her innocent spouse claim. Prior to her meeting with Revenue Agent Gildersleeve, petitioner received a second letter from the District Director's Office dated September 3, 1992. This letter contains an apology "for the confusion created in our letter to you on August 14, 1992" respecting the status of the 1986 and 1987 taxable years. The letter also expresses regret over petitioner's failure to file a petition for redetermination with respect to the October 1991 deficiency notice. The letter further states: Ordinarily, once a case has been through the Appeals process and a taxpayer has not petitioned Tax Court, Examination does not reconsider the results. However, in your case, we are providing a conference at which time you may present any additional information which you may have. By now, you should have received a telephone call from Revenue Agent Susan Gildersleeve scheduling an appointment to meet with you and your attorney. * * * Petitioner attended the *153 conference with Revenue Agent Gildersleeve on September 11, 1992. By letter dated September 25, 1992, Revenue Agent Gildersleeve advised petitioner that her claim for innocent spouse relief was denied. By letter dated October 1, 1992, the District Director scheduled a meeting with petitioner for October 15, 1992, to discuss the payment of petitioner's tax liability for 1986 and 1987. Petitioner instructed her attorney (Duddy) to attend this meeting. Following the meeting, Duddy sent a letter dated October 21, 1992, to Revenue Officer Albert enclosing a check in the amount of $ 15,000. Duddy's letter states that petitioner will forward additional funds to respondent (following the sale of securities) and that it is petitioner's understanding that respondent would be taking no further action at the time against petitioner's real estate or remaining assets. By letter dated November 6, 1992, Revenue Officer Albert forwarded to petitioner a "minimum bid worksheet" indicating that, under forced sale conditions, petitioner's home would be valued at $ 60,000. Shortly thereafter, petitioner received a notice of sealed bid sale indicating that petitioner's home had been seized for nonpayment *154 of Federal income taxes and that sealed bids for the residence would be opened on December 1, 1992. Following receipt of this notice, petitioner retained the law firm of McLane, Graf, Raulerson & Middleton in an attempt to avoid the forced sale of her home. On December 15 and 16, 1992, petitioner received two identical notices of sealed bid sale indicating sealed bids for petitioner's home would be opened on December 21, 1992. By letter dated December 18, 1992, petitioner's counsel notified Revenue Officer Albert that petitioner would be filing a petition for redetermination with the Tax Court on December 21, 1992. The letter states in pertinent part: We are taking the position in the Petition that the 90 day statutory period to petition the Tax Court does not expire until December 25, 1992, in view of the letter dated September 25, 1992 denying Mrs. Plantier's innocent spouse defense asserted at the Appeals Conference held on September 3, 1992. By letter dated December 19, 1992, petitioner's counsel forwarded a copy of a petition for redetermination that purportedly was filed with the Tax Court that day. In fact, the petition was placed in the mail on December 19, 1992, *155 but was not filed until it was received by the Court on December 23, 1992. [2]
On December 21, 1992, respondent opened the bids that had been submitted on petitioner's home. By letter dated December 21, 1992, petitioner's counsel was notified that petitioner's application for taxpayer assistance order to relieve hardship, filed with respondent on November 25, 1992, was denied. On January 21, 1993, petitioner filed a motion to set aside sale of petitioner's residence and to restrain future assessment or collection. Petitioner contends that the letter she received from Revenue Agent Gildersleeve dated September 25, 1992, constitutes a statutory notice of deficiency from which she filed a valid petition for redetermination. Petitioner asserts in the alternative that respondent is estopped to deny that the letter in question is a deficiency notice. Under either theory, petitioner argues that the forced sale of her home on December *156 21, 1992, is contrary to the prohibition on assessment and collection set forth in section 6213(a). On January 27, 1993, respondent filed a motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file a timely petition for redetermination. Respondent contends that the only statutory notice of deficiency issued in this case is the notice mailed to petitioner on October 11, 1991, and that the petition filed on December 23, 1992, is insufficient to invoke the jurisdiction of the Court. Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and the timely filing of a petition for redetermination. Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Mollet v. Commissioner, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to the taxpayer's "last known address." Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). *157 Assuming respondent has issued a valid deficiency notice, section 6213(a) provides in pertinent part that the taxpayer must file a petition with this Court within 90 days of the mailing of the deficiency notice. In the instant case, respondent mailed a deficiency notice to petitioner on October 11, 1991. It is undisputed that petitioner received this notice in due course. It is likewise evident that petitioner failed to file a petition for redetermination within 90 days of the date the notice was mailed. Were this the only consideration, we would readily grant respondent's motion to dismiss for lack of jurisdiction because the petition was not timely filed with respect to the October 11, 1991, notice. However, a review of the petition filed herein reveals that petitioner considered the letter dated September 25, 1992, to be a statutory notice of deficiency. Relying on Mitchel v. Commissioner, 1 B.T.A. 143 (1924), petitioner contends that respondent reopened the examination of petitioner's tax liability and in effect rescinded the original deficiency through the issuance of the letter from the District Director's office dated September 25, 1992. *158 Petitioner further asserts that the doctrine of estoppel is applicable and that respondent should not be permitted to deny that the letter in question is a deficiency notice. We begin by noting that respondent is not prohibited from issuing additional notices of deficiency for the same taxable year unless "the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a)". Sec. 6212(c)(1); McCue v. Commissioner, 1 T.C. 986 (1943). Because petitioner did not file a petition until December 23, 1992, the section 6212(c) prohibition against additional deficiency notices does not provide a basis for holding that the September 25, 1992, letter is not a deficiency notice. It is well settled that no particular form is required for a statutory notice of deficiency. Jarvis v. Commissioner, 78 T.C. 646, 655 (1982); Lerer v. Commissioner, 52 T.C. 358, 363 (1969). At a minimum, however, the notice must indicate that respondent has determined a deficiency in tax in a determinate amount for a particular taxable year and that respondent intends to assess the tax in due *159 course. Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937); Foster v. Commissioner, 80 T.C. 34, 229-230 (1983), affd. in part and vacated in part on another issue 756 F.2d 1430 (9th Cir. 1985). Further, we have repeatedly held that this Court has no jurisdiction over a case based upon a letter from respondent to a taxpayer which was not intended to constitute a notice of deficiency. Hubbard v. Commissioner, 89 T.C. 792, 801-802 (1987), revd. and remanded on another issue 872 F.2d 183 (6th Cir. 1989) and cases cited therein. Based on the record presented, we agree with respondent that the letter dated September 25, 1992, does not constitute a statutory notice of deficiency. Simply stated, the letter in question in no way purports to reflect respondent's determination of a deficiency. To the contrary, the letter merely states respondent's rejection of petitioner's claim for innocent spouse treatment. Moreover, while we agree with petitioner that the correspondence leading up to the September 11, 1992, conference with Revenue Agent *160 Gildersleeve is confusing, there are no statements in any of the correspondence either prior or subsequent to the conference that suggest that respondent intended to determine a further deficiency against petitioner. Read as a whole, the various correspondence indicate that respondent, as an accommodation to petitioner, allowed her to present additional information in support of her innocent spouse claim, and nothing more. Petitioner's reliance on Mitchel v. Commissioner, 1 B.T.A. 143 (1924), is misplaced. In that case, the Board of Tax Appeals specifically concluded that a letter relied upon by the taxpayer constituted a notice of deficiency. The Board further found that the Commissioner had not determined a deficiency prior to issuing the letter in question. Mitchel v. Commissioner, supra at 147-148. In contrast, the particular facts in the instant case lead to the opposite conclusion. That is, respondent determined a deficiency through the notice dated October 11, 1991, and, as previously discussed, the letter relied upon by petitioner merely reflects an accommodation by respondent prior to the collection of *161 an otherwise valid assessment. It follows from the foregoing that petitioner's estoppel argument must fail. The elements required for this Court to apply the doctrine of equitable estoppel are: (1) A false representation or wrongful misleading silence; (2) the error must originate in a statement of fact, not in opinion or a statement of law; (3) the one claiming the benefits of estoppel must not know the true facts and must reasonably rely on the false statement; and (4) that same person must be adversely affected by the acts or statements of the one against whom an estoppel is claimed. Kronish v. Commissioner, 90 T.C. 684, 695-697 (1988); Century Data Systems v. Commissioner, 86 T.C. 157, 165 (1986), (quoting Lignos v. United States, 439 F.2d 1365, 1368 (2d Cir. 1971)). The doctrine of equitable estoppel is applied against respondent with the utmost caution and concern. Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987). In short, we fail to see the requisite false representation or wrongful *162 misleading silence on the part of respondent. As previously indicated, the chain of correspondence between petitioner and respondent clearly reflects that respondent determined a deficiency against petitioner on October 11, 1991. Petitioner failed to file a timely petition for redetermination with this Court. Thereafter, prior to instituting collection action with respect to the otherwise validly assessed deficiencies, respondent gave petitioner a further opportunity to present additional proof in support of her innocent spouse claim. While some of the correspondence in question may have been confusing, it cannot be said that the correspondence amounts to a false representation. We also doubt that petitioner, through her counsel, was either unaware of the status of her case or reasonably relied on the representations that petitioner now alleges are false. Even if petitioner successfully proved the elements of equitable estoppel, as a Court of limited jurisdiction we may not apply equitable principles to take jurisdiction over a matter not authorized by statute. Odend'hal v. Commissioner, 95 T.C. 617, 624 (1990). In other words, the doctrine of *163 estoppel cannot create jurisdiction where none otherwise exists. Sec. 7442; Stamm International Corp. v. Commissioner, 84 T.C. 248, 253 n.12 (1985); see Energy Resources, Ltd. v. Commissioner, 91 T.C. 913, 917 (1988). Because the petition is clearly untimely, we have no jurisdiction in this matter. As such, we have no jurisdiction to consider petitioner's motion to set aside sale or restrain future assessment and collection. See Meyer v. Commissioner, 97 T.C. 555, 561 (1991); Powell v. Commissioner, 96 T.C. 707, 710 (1991); Kamholz v. Commissioner, 94 T.C. 11, 15 (1990). To reflect the foregoing, An order denying petitioner's motion and granting respondent's motion to dismiss for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the deficiency.↩
2. At the time the petition was filed, petitioner resided in Manchester, New Hampshire.↩