ELOISE KIRBY TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 27768-91
United States Tax Court
T.C. Memo 1993-529; 1993 Tax Ct. Memo LEXIS 544; 66 T.C.M. (CCH) 1320; November 17, 1993, Filed *544 Decision will be entered for respondent for the reduced deficiencies and for the additions to tax under section 6654 only. Eloise Kirby Taylor, pro se. For respondent: Doreen M. Susi. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)
6654(a)
1972
$  2,233.00
$   558
$   112
$   71
1973
1,739.98
435
87
55
1975
20,112.00
5,028
1,006
870
1976
38,740.00
9,685
1,937
1,446
1977
2,224.00
556
111
79
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent has conceded that there were certain computational errors in the notice of deficiency and that the following are the correct amounts for 1972, 1973, and 1976: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)
6654(a)
1972
$  2,136
$   534
$   107
$   68
1973
1,665
416
83
54
1976
38,703
9,676
1,935
1,442
*545 The issues for determination are whether the statute of limitations bars assessment of the deficiencies against petitioner, whether petitioner is entitled to relief under section 66(c), and whether petitioner is liable for the additions to tax determined by respondent. FINDINGS OF FACT Petitioner resided in New Mexico, a community property State, during the years in issue and at the time she filed her petition in this case. Petitioner was married to Frank L. Kirby (Kirby) from February 15, 1959, to March 6, 1978. At the time of their divorce, Kirby agreed to indemnify petitioner from liability for income taxes theretofore incurred. During the years in issue, Kirby worked as a thoroughbred horse trainer and operated horse training stables. His work required him to travel on business for at least 10 months out of each year. Kirby's income from thoroughbred horse raising and training was the sole source of support for Kirby, petitioner, and their two children. Prior to 1972 and for 1974, petitioner and Kirby filed joint Federal income tax returns, Forms 1040, with the Internal Revenue Service (IRS). Neither petitioner nor Kirby filed tax returns for 1972, 1973, 1975, 1976, *546 or 1977. Petitioner was aware of Kirby's income-producing activities during the years in issue. She had access to bank accounts of the business and to personal bank accounts, and she paid household bills from business and personal bank accounts. During the years in issue, Kirby employed Bob Bourland (Bourland) to prepare tax returns. Upon inquiry from petitioner, Bourland told her that he did not have enough records from Kirby to finish the tax returns. Petitioner asked Kirby about the returns, and he stated that he would take care of them. Petitioner did not attempt to file individual income tax returns for herself or to seek advice from other qualified persons about the manner in which she could file tax returns. On March 10, 1983, the IRS sent statutory notices of deficiency (the 1983 notices) to petitioner and to Kirby for 1972, 1973, 1975, 1976, 1977, and 1978. In the statutory notices, one-half of the community income, determined by the IRS after communication with Bourland, was attributed to Kirby and one-half of such income was attributed to petitioner. Neither petitioner nor Kirby received copies of the 1983 notices of deficiency. Petitions were not filed with this *547 Court with reference to those 1983 notices. During 1983, the IRS assessed the taxes determined in the 1983 notices. Collection notices were sent to petitioner, and a lien was placed upon her real property. Petitioner notified Kirby of the collection notices that she had received and made demands on Kirby pursuant to his agreement to indemnify her from such taxes. In May 1985, Kirby filed Forms 1040X, married filing separately, amended income tax returns, with an IRS agent. Copies of the forms filed by Kirby were provided to petitioner. In May 1986, Kirby and the IRS reached a settlement with respect to Kirby's liability for the years in issue. Kirby later filed a proceeding in bankruptcy. Sometime later, the IRS determined that the 1983 notice of deficiency that was sent to petitioner was invalid because it was not sent to her last known address. The IRS abated the assessments against petitioner. On August 30, 1991, the notice of deficiency that resulted in this proceeding was sent to petitioner. OPINION Petitioner has the burden of proving that respondent's determinations are erroneous. Rule 142(a). The income and expenses in issue represent petitioner's share of community *548 income from a business that was operated by her former husband, and she concedes that she has inadequate information to challenge the amounts of income and allowed deductions. No adjustment to the amounts determined by respondent, as modified, may be made on this record. Petitioner also concedes that she did not file income tax returns for any of the years in issue. Statute of Limitations
Petitioner contends that abatement of the prior assessments and determination by the IRS that the 1983 notice of deficiency was invalid occurred just before expiration of the 6-year period of limitations on collection of assessed taxes. Section 6502(a) (prior to amendment increasing the period of limitations to 10 years by the Omnibus Budget Reconciliation Act of 1990, Pub. L. 101-508, sec. 11317(a)(1), 104 Stat. 1388-458). Petitioner argues that respondent's action in declaring invalid the 1983 statutory notice and in sending a new one was intended to avoid the statute of limitations on collection. Section 6501(c)(3) provides: "In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at *549 any time." This language is unambiguous and does not allow for interpretations based on policy or practicality. Badaracco v. Commissioner, 464 U.S. 386, 397 (1984) (dealing with section 6501(c)(1), as applied to a fraudulent return). Even if equitable factors could be considered, we do not know whether the IRS personnel who decided to invalidate the prior notice and abate the earlier assessment were motivated by the statute of limitations on collection actions, as petitioner contends, or were motivated by a bona fide belief that the assessments were invalid, that a collection action would fail for that reason, and that petitioner should be given an opportunity to contest the deficiencies in this Court. Petitioner argues that the 1983 statutory notice was valid because she failed to notify the IRS of her change of address. Therefore, she contends, the address to which the notice was sent was petitioner's last known address. She relies on Gray v. Commissioner, 73 T.C. 639 (1980), and similar cases. Respondent, however, determined that the 1983 notice was invalid after the decision in Abeles v. Commissioner, 91 T.C. 1019 (1988). *550 In Abeles, the Court considered the increased computer capability of the IRS and concluded that sending a notice to the last known address of a former husband was invalid against the former wife where the IRS had failed to exercise reasonable care in determining the address of the wife. We do not have sufficient facts in the record here to determine how the rationale of Abeles would be applied if we were determining whether the 1983 notice had been sent to petitioner's last known address. We do not know, for example, whether petitioner filed tax returns after her divorce from Kirby and thereby gave notice of a new address. (She implies that she did but argues that such notice was insufficient under 1983 law.) Neither the factual record nor the legal authorities preclude respondent from conceding the invalidity of a statutory notice and related assessments and then beginning the process anew. See Coffey v. Commissioner, 96 T.C. 161 (1991). Compare section 6212(c), which generally prohibits further deficiency notices when a petition has been filed. The statute of limitations does not provide a defense to assessment in this case. Section *551 66(c)
Section 66(c) provides: (c) Spouse Relieved of Liability in Certain Other Cases. -- Under regulations prescribed by the Secretary, if (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,
then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual).
All four statutory requirements must be met for the taxpayer to be afforded relief under section 66(c). Roberts v. Commissioner, 860 F.2d 1235, 1238 (5th Cir. 1988), affg. T.C. Memo. 1987-391. Respondent contends that *552 petitioner has not satisfied the third and fourth requirements of section 66(c). We need not address the fourth requirement, because it is apparent that petitioner does not satisfy the third requirement. Petitioner argues that she did not know how much profit or taxable income was earned by Kirby's business during the years in issue. She admits, however, that she was aware of Kirby's business activities and sources of income. Although the evidence reflects that Kirby failed to take steps necessary to proper reporting of the taxable income from those business activities, there is no evidence that he concealed income from petitioner. Petitioner, therefore, is not eligible for relief under section 66(c). Additions to Tax
Respondent contends that petitioner is liable for additions to tax under section 6651(a) for failure to file returns and under section 6653(a) for negligence. Petitioner testified that she made inquiries of Kirby and of Bourland in an attempt to have returns filed. She does not deny that she was aware of her obligation to file returns but contends that she reasonably relied on her then husband to file tax returns, as he had in other years, and on his assurances *553 that the tax returns would be filed. Respondent called Kirby as a witness. Kirby testified that he told petitioner that returns would be filed for them as married filing separately and that she would have to sign her own returns. We infer that respondent does not fully endorse Kirby's testimony, inasmuch as respondent's proposed findings of fact merely recite that "Kirby testified that" as a predicate to various statements. See Rule 151(e)(3) ("Proposed findings of fact * * * shall consist of a concise statement of essential fact and not a recital of testimony"). In any event, we conclude, in the circumstances of this case, that petitioner is not liable for additions to tax under sections 6651(a) and 6653(a). See SoRelle v. Commissioner, 22 T.C. 459, 489 (1954); Sanders v. Commissioner, T.C. Memo. 1986-26, affd. 812 F.2d 715 (9th Cir. 1987); Fleming v. Commissioner, T.C. Memo. 1984-130. The addition to tax under section 6654(a), for failure to pay estimated tax, is mandatory absent exceptions not shown to apply here. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). *554 To reflect the stipulation and the foregoing, Decision will be entered for respondent for the reduced deficiencies and for the additions to tax under section 6654 only.